UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL GARZA,<br><br>   Plaintiff,<br><br> v.<br><br>BRINDERSON CONSTRUCTORS, INC., et al.,<br><br>   Defendants. | Case No.15-cv-05742-EJD (SVK)<br><br>**ORDER ON JOINT LETTER BRIEF REGARDING DISCOVERY DISPUTES**<br><br>Re: Dkt. No. 38 |

Before the Court is the parties' Joint Letter Brief Regarding Discovery Disputes, in which plaintiff Daniel Garza argues that certain of defendants' responses to interrogatories and requests for production are deficient. ECF 38. At issue are discovery requests served by plaintiff on defendants Brinderson Constructors, Inc. and Brinderson L.P. (collectively, "Brinderson") that relate to two categories of information: (1) the basis for Brinderson's opposition to class certification and its affirmative defenses; and (2) the disclosure and authorization forms relating to the Fair Credit Reporting Act ("FCRA") that were signed by members of the proposed class as part of their employment applications. *Id.* Plaintiff argues that the information and documents sought are relevant, particularly to plaintiff's upcoming motion for class certification. Brinderson argues that discovery into its contentions is premature and that discovery concerning the forms signed by potential class members should be limited to a narrower time period and to the same forms signed by plaintiff.

For the reasons discussed below, the Court orders Brinderson to provide further responses and produce additional documents in response to plaintiff's discovery requests.

**I.     BACKGROUND**

On December 2, 2015, plaintiff filed this putative class action alleging that disclosure and authorization forms provided by defendants to employees and prospective employees violated FCRA and other statutes. ECF 1 at Complaint. In the complaint, plaintiff defined the proposed FCRA class as follows: "All of Defendants' current, former, and prospective applicants for employment in the United States who applied for a job with Defendants at any time during the period beginning five years prior to the filing of this action and ending on the date that final judgment is entered in this action." ECF 1 at Complaint ¶ 14A.

Before the first case management conference, defendants requested that the district court judge order discovery to proceed in four phases: (1) discovery concerning plaintiff's individual claims "in order to test the legal and factual merit of those individual claims"; (2) discovery to determine whether this case is appropriate for class action treatment; (3) class-wide merits discovery; and (4) class-wide damages discovery. ECF 25 at 5. The district court judge rejected defendants' proposal, stating that "absent the presentation of a more compelling need for such relief, the court will not enter an order phasing discovery at this time. Any party seeking to phase discovery may file an administrative motion on that topic pursuant to Civil Local Rule 7-11." ECF 28 at 1. No such motion was filed.

The parties exchanged initial disclosures on August 18, 2016, and discovery has been underway since at least December 13, 2016, when plaintiff propounded the discovery requests that are the subject of the joint letter brief. *See* ECF 25; ECF 37 at 1.

Plaintiff's motion for class certification is due October 19, 2017. ECF 36. The fact discovery cutoff is November 6, 2017. *Id.*

////

////

////

2

## II. DISCUSSION

### A. Requests seeking basis for Brinderson's opposition to class certification and its affirmative defenses

The parties' first dispute concerns Interrogatory Nos. 2 and 5 and Request for Production ("RFP") Nos. 4 and 9.[1] The interrogatories ask Brinderson to "explain why this case should not be certified as a class action" (Interrogatory No. 2) and "state all facts" upon which Brinderson bases any denial of a material allegation and each special or affirmative defense (Interrogatory No. 5). ECF 38-1. The RFPs request production of documents that "relate[] to [Brinderson's] allegations and defenses in this action" (RFP No. 4) and documents that "may support or assert that PLAINTIFF is not an adequate class representative in this action" (RFP No. 9). *Id.* Brinderson objected to these interrogatories and RFPs on various grounds. ECF 38-2. In the joint letter brief, Brinderson argues that these discovery requests are contention interrogatories that are improper at this stage of the litigation because, according to Brinderson, "substantial discovery" has not yet taken place. ECF 38 at 3.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. Proc. 26(b)(1). Contention interrogatories that relate to fact or the application of law to fact are not categorically improper, but courts have discretion to "order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time." Fed. R. Civ. Proc. 33(a)(2).

The Court concludes that these discovery requests are not premature. Some of the disputed requests expressly relate to issues of class certification, making those requests appropriate at this

---

[1] The parties have filed copies of the relevant interrogatories and responses. For reasons not explained by the parties, the numbering of some of the interrogatories in the requests (ECF 38-1) differs from the numbering of the corresponding responses (ECF 38-2). This order refers to the interrogatories as numbered in the requests, which is the same way the parties refer to them in their joint letter brief.

3

stage of the case. *See Yingling v. eBay, Inc.*, No. C 90-017233 JW (PVT), 2010 U.S. Dist. LEXIS 12800, at *7 (N.D. Cal. Jan. 29, 2010) (in phased discovery case, ordering defendant to respond to contention interrogatory seeking the legal and factual basis for defendant's contention that class could not be certified). In addition, although some of the requests are not limited to certification issues, they are nevertheless appropriate at this juncture. "[T]he line between merits and class certification discovery is not always bright," and "discovery going to the merits of plaintiff's claim also often has significant bearing on issues such as predominance and commonality under Rule 23." *In re Coca-Cola Products Mkt. and Sales Practices,* No. 14-md-02555-JSW (MEJ), 2016 U.S. Dist. LEXIS 148534, at *11-12 (N.D. Cal. Oct. 26, 2016) (internal quotation marks and citations omitted). Moreover, this case is not in its early stages; it has been pending approximately 19 months. The parties exchanged initial disclosures more than ten months ago and have been engaged in discovery for over six months. Fact discovery closes in just over four months, so discovery is more than halfway complete. The district court judge rejected defendants' request for phased discovery, and thus both class certification issues and the merits of the case are the proper subjects of discovery at this time.

As a compromise, Brinderson has agreed to provide supplemental responses to Interrogatory Nos. 2 and 5 that "set forth its anticipated arguments in opposition to class certification and with respect to the merits of the underlying claims." *Id*. The Court finds Brinderson's proposal appropriate and therefore orders Brinderson to provide supplemental responses to Interrogatory Nos. 2 and 5. In addition, in response to RFP No. 4, the Court orders Brinderson to produce all non-privileged documents in its possession, custody, or control that support its affirmative defenses in this action. The Court further orders Brinderson to produce all non-privileged documents in its possession, custody, or control that are responsive to RFP No. 9.

Brinderson asserts that any further responses to these requests will be subject to further amendment or supplementation and "subject to Brinderson's right to oppose class certification or

4

challenge the merits of Plaintiff's claims on grounds not asserted in its discovery responses." *Id.* Notwithstanding Brinderson's attempted caveat, Brinderson's supplemental responses will be subject to the normal rules regarding supplementation and amendment and must satisfy Brinderson's obligations in responding to discovery requests. *See, e.g.,* Fed. R. Civ. Proc. 33(b)(1)(B) (entity party "must furnish the information available to the party" in response to interrogatories); Fed. R. Civ. Proc. 34(a)(1) (request for production may seek production of "items in the responding party's possession, custody, or control"); *and see generally Folz v. Union Pac. Railroad Co.*, No. 13-CV-00579-GPC-(PCL), 2014 WL 357929 (S.D. Cal. Jan. 31, 2014) ("if Defendant is unable to supply the requested information, 'the party may not simply refuse to answer, but must state under oath that he is unable to provide the information and 'set forth the efforts he used to obtain the information.'") (quoting *Sevey v. Soliz*, No. 10-cv-3677 LHK, 2011 WL 2633826, at *4 (N.D. Cal. July 5, 2011)).

### B. Requests seeking FCRA disclosure and authorization forms

The parties' second dispute concerns Interrogatory Nos. 8 and 9 and RFP Nos. 23 and 34. The interrogatories ask Brinderson to identify how many disclosure and authorization forms it required prospective class members to sign during the relevant time period as part of the employment application. ECF 38-1. During meet and confer discussions, plaintiff agreed to limit the interrogatories to "the number of current, former, and prospective employees on whom Brinderson obtained consumer reports or used a third party vendor to verify their Social Security Number." ECF 38 at 2-3. The RFPs ask Brinderson to produce all such written disclosures and authorizations. *Id.* In the joint letter brief, plaintiff clarifies that these RFPs seek only the blank, unsigned disclosure and authorization forms used by Brinderson, not each individually signed form. ECF 38 at 7.

Brinderson objected to these requests, but has offered to provide plaintiff with "the number of individuals who were provided with the same FCRA disclosure and authorization form as

5

Plaintiff during the time period of two years prior to filing the complaint to the present (i.e. December 2, 2013 to the present)," rather than the broader scope of information sought by plaintiff. *Id.* at 5. Brinderson states that it has already produced the FCRA disclosure and authorization form that was provided and executed by plaintiff. *Id.* at 7.

The Court concludes that the broader scope of information and documents sought by plaintiff is relevant and appropriate discovery at this stage of the case. "In determining relevancy in a class action, it is appropriate for the Court to consider the class definition." *Clay v. Cytosport, Inc.,* No. 15-cv-00165-L (DHB), 2016 U.S. Dist. LEXIS 144278, at *8 (S.D. Cal. Oct. 18, 2016). Here, the proposed FCRA class, as defined in the complaint, includes all of Brinderson's employees and prospective employees who applied for a job at any time during the period beginning five years prior to the filing of the action. ECF 1 at Complaint ¶ 14A. Brinderson's attempt to limit discovery to only the same forms signed by plaintiff, and to a period beginning two years before filing the action (based on Brinderson's argument as to the applicable statute of limitations), is unwarranted. Those arguments may be relevant to the proper scope of any class that may be certified, but they are not an appropriate basis to limit discovery at this stage in light of the class definition in the complaint. *See Clay*, 2016 U.S. Dist. LEXIS 144278, at *18-20 (rejecting defendant's attempt to limit pre-certification discovery to particular products purchased by plaintiff and to purported period of statute of limitations where class definition in complaint was broader).

Accordingly, the Court orders Brinderson to respond to Interrogatory Nos. 8 and 9 and to produce documents in response RFP Nos. 23 and 34, as those discovery requests have been clarified and/or narrowed by plaintiff.

### III. CONCLUSION

For the reasons set forth above, the Court orders defendants to supplement their responses to Interrogatory Nos. 2, 5, 8, and 9 and to produce the documents requested in RFP Nos. 4, 9, 23,

and 24, as those interrogatories and requests have been clarified and/or narrowed by plaintiff in connection with the present joint letter brief or by the Court in this order. Defendants supplemental responses and production are due no later than July 26, 2017.

**SO ORDERED.**

Dated: July 5, 2017

_____
SUSAN VAN KEULEN
United States Magistrate Judge