UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

DANIEL GARZA,

    Plaintiff,

v.

BRINDERSON CONSTRUCTORS, INC., et al.,

    Defendants.

Case No. 5:15-cv-05742-EJD

**ORDER DENYING MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**

Re: Dkt. No. 40

This is an action for violation of the Fair Credit Report Act ("FCRA") and other statutes. Plaintiff alleges that Defendants routinely acquire consumer, investigative consumer and/or consumer credit reports to conduct background checks on Plaintiff and other prospective, current and former employees, and use information from credit and background reports in connection with their hiring process without complying with the law. Class Action Complaint, ¶2.

Pursuant to Fed. R. Civ. P. 72(a), 28 U.S.C. § 636(b)(1)(A), and Local Rule 72-2, Defendants Brinderson L.P. and Brinderson Constructors, Inc. (collectively "Defendants") move for relief from Magistrate Judge Susan Van Keulen's July 5, 2017 Order ("the Order") (Docket No. 39) granting discovery in favor of Plaintiff Daniel Garza ("Plaintiff"). Defendants request that the Court vacate the portions of the Magistrate Judge's Order that require Defendants to (1) produce FCRA disclosure and authorization forms that were not provided to Plaintiff; (2) provide information prior to December 3, 2013, and (3) provide information concerning verification of social security numbers.

1  Subject to some limitations not relevant here, any nondispositive pretrial matter before the
2  district court may be referred to a magistrate judge for determination. 28 U.S.C. § 636(b)(1)(A).
3  Once rendered, the decision of the magistrate judge may only be reconsidered by the district court
4  where the order is "clearly erroneous" or "contrary to law." Id.; Fed.R.Civ.P. 72(a).  This standard
5  is not easily satisfied because it affords the magistrate judge significant deference.  United States
6  v. Abonce-Barrera, 257 F.3d 959, 969 (9th Cir. 2001) ("[T]he text of the Magistrates Act suggests
7  that the magistrate judge's decision in such nondispositive matters is entitled to great deference by
8  the district court.").  Indeed, "the reviewing court may not simply substitute its judgment for that
9  of the deciding court." Grimes v. City & Cty. of S.F., 951 F.2d 236, 241 (9th Cir. 1991).

10  "The 'clearly erroneous' standard applies to factual findings and discretionary decisions
11  made in connection with non-dispositive pretrial discovery matters.  F.D.I.C. v. Fid. & Deposit
12  Co. of Maryland, 196 F.R.D. 375, 378 (S.D. Cal. 2000).  "A finding is 'clearly erroneous' when
13  although there is evidence to support it, the reviewing court, after reviewing the entire evidence, is
14  left with the definite and firm conviction that a mistake has been committed." United States v.
15  U.S. Gypsum Co., 333 U.S. 364, 395 (1948).  The legal conclusions of a magistrate judge are
16  subject to a "contrary to law" standard, which amounts to de novo review.  Perry v.
17  Schwarzenegger, 268 F.R.D. 344, 348 (N.D. Cal. 2010).  "A decision is 'contrary to law' if it
18  applies an incorrect legal standard or fails to consider an element of the applicable standard." Na
19  Pali Haweo Cmty. Ass'n v. Grande, 252 F.R.D. 672, 674 (D. Haw. 2008).

20  The Court finds that the magistrate judge's decision is neither clearly erroneous nor
21  contrary to law.   The discovery ordered by the magistrate is relevant to Plaintiff's asserted claims
22  and within the scope of permissible discovery authorized by Fed.R.Civ.P. 26(b).  This Court will
23  not "substitute its judgment for that of the deciding court." Grimes v. City & Cty. of S.F., 951
24  F.2d at 241.  Defendants' Motion is therefore DENIED.

25  **IT IS SO ORDERED.**
26  Dated: July 24, 2017

_____
EDWARD J. DAVILA
United States District Judge